**SCOTT J. ALDWORTH,** OSB No. 113123
saldworth@kelrun.com
**DENNIS STEINMAN,** OSB No. 954250
dsteinman@kelrun.com
**ZACHARY B. WALKER,** OSB No. 115461
zwalker@kelrun.com
Kell, Alterman & Runstein, L.L.P.
520 S.W. Yamhill, Suite 600
Portland, OR  97204
Telephone: 503/222-3531
Fax: 503/227-2980
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **DEMETRUS BATCHELOR,** | **Case No. 3:21-CV-00206** |
| **Plaintiff,** | |
| v. | **COMPLAINT** |
| | **(42 U.S.C. § 1983; Assault and Battery;** |
| **CITY OF PORTLAND, a municipality of the State of Oregon; TED WHEELER, individually; JAMI RESCH, individually; M. HASTINGS, individually; JOHN DOE 1-20, individually,** | **False Arrest; Conversion; Negligence)** |
| | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

For his Complaint against Defendants, Plaintiff alleges as follows:

### I.      JURISDICTION AND VENUE

1.      This is an action for damages under 42 U.S.C. § 1983 for violation of Plaintiff's

rights under the First and Fourth Amendments to the United States Constitution, and

supplemental state law claims. This court has jurisdiction over Plaintiff's federal claims under 28

COMPLAINT                                                                                    **Page 1**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

U.S.C. §§ 1331 and 1343(1), (3) and (4).  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal law claims and arise out of a common nucleus of operative fact. Plaintiff's state law claims are related to Plaintiff's federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

2.          Defendants' acts occurred in the District of Oregon and, at all material times, the parties resided or did business in the State of Oregon.

## II.      PARTIES

3.          Plaintiff Demetrus Batchelor ("Plaintiff") is a resident of Portland, Oregon.

4.          At all times mentioned herein, Defendant City of Portland ("Defendant Portland") was and is a political subdivision of the State of Oregon.  The Portland Police Bureau ("PPB") is a department or division of Defendant Portland.

5.          At all times mentioned herein, Defendant Ted Wheeler ("Defendant Wheeler") was the mayor of Defendant Portland.  In his role as mayor of Portland, Defendant Wheeler acted as Commissioner of PPB and was involved in developing PPB's response to the demonstrations in which Plaintiff participated.

6.          At all times mentioned herein, Defendant Jami Resch ("Defendant Resch") was the Chief of PPB.  In her position as Chief of PPB, Defendant Resch was involved in developing PPB's response to the demonstrations in which Plaintiff participated.  Defendant Resch resigned as Chief of PPB on June 8, 2020.

7.          At all times mentioned herein, Defendant M. Hastings ("Defendant Hastings") was an officer employed by PPB.

8.          At all times mentioned herein, Defendants John Doe 1–12 were employees of Defendant Portland who worked as PPB officers.  Plaintiff does not currently have knowledge of the identities of Defendants John Doe 1–12 and will amend this Complaint to reflect their true

COMPLAINT                                                                                              **Page 2**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

identities once Plaintiff gains such knowledge.  Defendants John Doe 1-12 are sued in their individual capacity.  At all material times, Defendants John Doe 1-12 were acting pursuant to Defendant Portland's laws, customs, or policies.

9.      At all times mentioned herein, Defendants John Doe 13–20 were employees of Defendant Portland who worked as PPB officers in a supervisory capacity.  Plaintiff does not currently have knowledge of the identities of Defendants John Doe 13–20 and will amend this Complaint to reflect their true identities once Plaintiff gains such knowledge.  Defendants John Doe 13-20 are sued in their individual capacity.  Their liability could include their own culpable action or inaction in the training, supervision, or control of their subordinates, their acquiescence in the constitutional deprivations alleged herein, or in conduct showing a reckless or callous indifference to the rights of Plaintiff.

### III.    ALLEGATIONS

10.     In late May 2020, protests broke out all over the country in response to the murder of George Floyd by police officers in Minneapolis, Minnesota.

11.     In Portland, PPB's strategy for responding to local protests involved the use of indiscriminate violence and militarized force against the demonstrators.  As documented in press reports and on-the-ground video footage, the strategies employed by PPB included: widespread deployment of tear gas into crowds (during a pandemic involving the spread of a virus affecting the respiratory system); firing rubber bullets and other less-lethal munitions at demonstrators who posed no threat to people or property, including firing into the backs of demonstrators; using pepper spray and other chemical irritants against demonstrators who posed no threat to people or property; widespread arrests without probable cause, including numerous arrests of journalists and individuals providing medical support; and repeated instances of random, unprovoked acts of violence against demonstrators.  Subsequent to the events of this case, this Court entered an order restraining PPB's use of tear gas and less-lethal munitions.  *Don't Shoot Portland v. City of*

COMPLAINT                                                                      **Page 3**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

*Portland*, 3:20-cv-00917-HZ, ECF No. 43 (June 26, 2020). This Court subsequently held PPB in contempt for violating this order. *Id.*, ECF No. 204 (Nov. 27, 2020).

12.    Defendant Portland, through PPB, has a custom and practice of using militarized force against demonstrators who protest police brutality. When force is used, PPB makes no effort to limit its force to individuals who actually pose a threat of violence, instead using force indiscriminately against anyone who happens to be in the crowd. The decision to implement these tactics was made by individuals sufficiently senior—including, on information and belief, Defendants Wheeler and Resch—that the decision may fairly be said to represent official policy of Defendant Portland.

13.    On the night of June 3, 2020, Plaintiff participated in a demonstration for racial justice and against police brutality in downtown Portland, Oregon.

14.    Plaintiff had also participated in demonstrations in downtown Portland in the nights leading up to June 3. Plaintiff attempted to act as a calming influence on the other demonstrators and to deescalate situations before they turned violent. At no point in the protests did Plaintiff destroy any property, threaten any police officers, or engage in any kind of illegal behavior.

15.    On the night of June 3, 2020, Plaintiff drove his car downtown, parked legally on the side of the street on SW 2nd Ave. between SW Salmon St. and SW Yamhill St., and walked to the area where demonstrators had gathered near the federal courthouse on SW 2nd Ave. between SW Main St. and SW Salmon St.

16.    A few hours after midnight, sometime between 2:00 a.m and 4:00 a.m. on the morning of June 4, 2020, officers on the scene from PPB began attempting to disperse the demonstrators by pushing them north on SW 2nd Ave.

17.    Plaintiff followed the officers' instructions and moved north on SW 2nd Ave. He was moving in the direction of his car and decided to wait in his car until the situation calmed

COMPLAINT                                                                                              **Page 4**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

down and he could drive home.  Knowing there were many police in the area, Plaintiff approached his car with his hands in the air.

18.      As Plaintiff arrived at his car and attempted to open the driver-side door, however, a PPB vehicle drove by Plaintiff and, unprompted, an unknown PPB officer, Defendant John Doe 1, reached out of the passenger-side window and sprayed Plaintiff in the head and face with a chemical agent.  Plaintiff was surprised and inhaled some of the spray.  The spray caused Plaintiff extreme pain and he staggered into the street away from his car.

19.      While extremely difficult to see, Plaintiff found his way back to the driver-side door of his car.  He opened the door and stepped into his car with his right foot, while continuing to hold his hands in the air.  As his body was halfway into the car, however, an unknown PPB officer, Defendant John Doe 2, rammed the back of Plaintiff's car with a police vehicle.  In addition to damaging Plaintiff's vehicle, the force of the collision also caused the door frame of Plaintiff's car to slam into Plaintiff's back.

20.      An unknown PPB officer, Defendant John Doe 3, on the other side of Plaintiff's car yelled at Plaintiff to go home as he was attempting to get in his car and it was rammed by a police vehicle. As soon as the impact occurred, the officer said, "It's too late. Now you're under arrest, and we're towing your car."  Plaintiff did not resist and obeyed the officer's directions to go with the officer to a nearby curb near the corner of SW 2nd Ave. and SW Yamhill St. Plaintiff followed the officer's directions to sit on the curb.  As he was sitting, however, his lower back was in extreme pain as a result of the police vehicle ramming into his truck as he was stepping into it.  He was also having difficulty breathing as a result of inhaling the chemical agent that was sprayed in his face.  Plaintiff needed to adjust his position to lessen the pain and slowly began to stand with his hands in the air. Without warning, an unknown PPB officer, Defendant John Doe 4, suddenly grabbed Plaintiff from behind with both hands and yanked him violently backward to the curb onto his tailbone. This caused the pain in his lower back to get much worse

COMPLAINT                                                                                      **Page 5**

**KELL, ALTERMAN & RUNSTEIN, L.L.P.**
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

and he began having pain in his neck.

21.     Plaintiff sat on the curb and watched as PPB officers, Defendants John Doe 5-7, searched his car without his consent.  After they were finished, one of the officers asked Plaintiff where he lived.  Plaintiff told the officer and the officer asked if this was in walking distance. Plaintiff said it was not.  The officer then said, "Get out of here. Go home. We're towing your car because you left it parked in the middle of the street; it's a hazard."  Plaintiff's car was parked on the side of the street and, if it had moved at all, it was only as a result of being rammed by a police vehicle.  Plaintiff was free to leave and the officers did not make any attempt to arrest Plaintiff as he had not done anything illegal.  However, he was now left without a means to drive home.

22.     Plaintiff stood up and began to walk away.  He was walking through several officers and told them that he was leaving, but could barely see and asked that they be patient with him.  An unknown woman came up to him and escorted him to a group of demonstrators who were acting as medics.  Plaintiff was in excruciating pain in his lower back and continuing to feel the effects of the chemical agent.  The medics attempted to help him and called an ambulance.  After the ambulance eventually arrived, the paramedics moved Plaintiff into the ambulance and transported him to OHSU.  On the way there, Plaintiff asked for pain medication. The paramedic told Plaintiff that he couldn't give him medication while he was lying down. Plaintiff was unable to sit up, however, and, for a period, could not move his lower body. Plaintiff fainted while in the ambulance on the way to OHSU.

23.     Plaintiff spent the night at OHSU.  While there, he was not able to get out of bed and defecated on himself.  He was discharged the following day, but Plaintiff continued to experience severe pain in his back, frequent back spasms, and difficulty sitting for any amount of time.  Plaintiff sought medical care and had x-rays taken.  The x-rays revealed that Plaintiff had a fractured tailbone.

COMPLAINT                                                                                              **Page 6**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

24.     Soon after being released from OHSU, Plaintiff sought to retrieve his car.  He paid $219 to have the car released from an impound lot and took the car to a body shop to fix the damage caused by the collision with the police vehicle.  The total repair costs were $2,254.57.

25.     Since the incident in the morning of June 4, 2020, PPB officers have repeatedly harassed Plaintiff.  Plaintiff's car is very distinctive and easily recognized due to lights Plaintiff has installed in the interior and PPB officers knew Plaintiff was a regular presence at demonstrations.  PPB officers have given Plaintiff a number of baseless tickets since that time.  PPB officers have also loudly and inappropriately discussed Plaintiff's criminal record from nearly fifteen years ago in front of Plaintiff and numerous other demonstrators.  One of the officers to do so was Defendant Hastings.  The identity of the other officers, Defendants John Doe 8-12, to engage in these activities is currently unknown to Plaintiff due to deliberate efforts to conceal their name plates and badge numbers.

26.     On information and belief, the actions of PPB officers against Plaintiff were taken pursuant to customs and policies approved, developed, and/or implemented by Defendants Wheeler and Resch.  The actions were also taken at the direction of Defendants John Doe 13-20, or with the knowledge and acquiescence of Defendants John Doe 13-20.

27.     The actions of PPB officers against Plaintiff caused Plaintiff severe physical and emotional trauma that continue to this day.  The chemical spray saturated Plaintiff's scalp and caused burning for several days afterward, particularly whenever Plaintiff took a shower.  Plaintiff continues to have pain in his back and difficulty sitting for an extended period of time.  Plaintiff also continues to experience severe emotional distress as a result of the incidents described above.  Plaintiff has experienced depression, high stress, and a fear that he is being followed.  The actions of PPB officers have also chilled Plaintiff's right to peacefully assemble.  While Plaintiff continued to attend demonstrations when he could because of the importance of the causes of racial justice and an end to police brutality, he did so under extreme stress and with

COMPLAINT                                                                                    **Page 7**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

a constant fear that he will be attacked or arrested without justification.

28.     On October 15, 2020, Plaintiff timely filed a tort claim notice.

## FIRST CLAIM FOR RELIEF

### (Against Defendant Portland)

### (42 U.S.C. § 1983 – First Amendment)

29.     Plaintiff realleges paragraphs 1 through 28 as though fully set forth herein.

30.     The First Amendment of the United States Constitution prohibits government action that is taken with an intent to chill speech and in retaliation for individuals' engagement in protected activity.

31.     At all times relevant to the liability allegations of this Complaint, Defendant Portland had a custom or policy of responding to demonstrations for racial justice and against police brutality with a strategy of indiscriminate violence and militarized force.  This custom or policy was either:

a.     A policy adopted by a final decision-making authority within Defendant Portland, such as Defendant Wheeler and/or Defendant Resch;

b.     A custom within PPB that is a sufficiently widespread, well-settled practice that it constitutes the standard operating procedure of Defendant Portland; or

c.     The result of inadequate training and/or supervision and Defendant Portland's deliberate indifference to the likelihood that PPB officers would violate the constitutional rights of demonstrators.

32.     Pursuant to the customs and policies of Defendant Portland, PPB officers:

a.     Sprayed Plaintiff in the head and face with a chemical agent as Plaintiff approached his car with his hands up and did not pose a threat to person or property;

COMPLAINT                                                                      **Page 8**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

b.    Used potentially deadly force against Plaintiff by ramming the back of Plaintiff's car with a police vehicle as Plaintiff attempted to step into the car;

c.    Told Plaintiff he was under arrest even though PPB officers did not have probable cause to believe that Plaintiff committed a crime;

d.    Slammed Plaintiff to the sidewalk with sufficient force to fracture Plaintiff's tailbone as Plaintiff merely attempted to stand with his hands up to shift his position due to extreme pain;

e.    Illegally searched Plaintiff's car without Plaintiff's consent or probable cause to believe that Plaintiff had committed a crime;

f.    Towed and impounded Plaintiff's car without justification or probable cause to believe that Plaintiff had committed a crime; and

g.    Harassed Plaintiff by giving him baseless tickets and inappropriately revealing information about his criminal record to third parties.

33.    Defendant Portland instituted these customs and policies with the intent to punish a group of protestors *en masse* for their political speech.  Defendant Portland intended the customs and policies to chill the speech of the demonstrators, including Plaintiff.

34.    The actions taken by PPB officers pursuant to these customs and policies have, in fact, chilled Plaintiff's speech.

35.    As a result of the actions of Defendant Portland, Plaintiff has been deprived of his rights under the First Amendment of the United States Constitution.  Plaintiff has suffered physical injuries, damage to his property, fear, anxiety, and extreme emotional distress. Plaintiff is entitled to damages for his injuries arising out of the deprivation of his constitutional rights in an amount to be determined at trial.

36.    Plaintiff is also entitled to an award of punitive damages.

COMPLAINT                                                                                                    **Page 9**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

37.    Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

## (Against Defendant Portland)

## (42 U.S.C. § 1983 – Fourth Amendment)

38.    Plaintiff realleges paragraphs 1 through 28 as though fully set forth herein.

39.    The Fourth Amendment of the United States Constitution prohibits the use of excessive force, *i.e.* force that is objectively unreasonable under the circumstances, in the course of an arrest, investigatory stop, or other seizure.  The Fourth Amendment also prohibits unreasonable searches and seizures.

40.    At all times relevant to the liability allegations of this Complaint, Defendant Portland had a custom or policy of responding to demonstrations for racial justice and against police brutality with a strategy of indiscriminate violence and militarized force.  This custom or policy was either:

   a.    A policy adopted by a final decision-making authority within Defendant Portland, such as Defendant Wheeler and/or Defendant Resch;

   b.    A custom within PPB that is a sufficiently widespread, well-settled practice that it constitutes the standard operating procedure of Defendant Portland; or

   c.    The result of inadequate training and/or supervision and Defendant Portland's deliberate indifference to the likelihood that PPB officers would violate the constitutional rights of demonstrators.

41.    Pursuant to the customs and policies of Defendant Portland, PPB officers:

   a.    Sprayed Plaintiff in the head and face with a chemical agent as Plaintiff approached his car with his hands up and did not pose a threat to person or property;

COMPLAINT                                                                    **Page 10**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

b.      Used potentially deadly force against Plaintiff by ramming the back of Plaintiff's car with a police vehicle as Plaintiff attempted to step into the car;

c.      Told Plaintiff he was under arrest even though PPB officers did not have probable cause to believe that Plaintiff committed a crime;

d.      Slammed Plaintiff to the sidewalk with sufficient force to fracture Plaintiff's tailbone as Plaintiff merely attempted to stand with his hands up to shift his position due to extreme pain;

e.      Illegally searched Plaintiff's car without Plaintiff's consent or probable cause to believe that Plaintiff had committed a crime; and

f.      Towed and impounded Plaintiff's car without justification or probable cause to believe that Plaintiff had committed a crime.

42.      Defendant Portland instituted these customs and policies with the knowledge that they would result in PPB officers using excessive force that was objectively unreasonable under the circumstances against demonstrators, including Plaintiff.

43.      Defendant Portland instituted these customs and policies with the knowledge that they would result in PPB officers conducting invalid searches and seizures on demonstrators, including Plaintiff.

44.      As a result of the actions of Defendant Portland, Plaintiff has been deprived of his rights under the Fourth Amendment of the United States Constitution.  Plaintiff has suffered physical injuries, damage to his property, fear, anxiety, and extreme emotional distress. Plaintiff is entitled to damages for his injuries arising out of the deprivation of his constitutional rights in an amount to be determined at trial.

45.      Plaintiff is also entitled to an award of punitive damages.

46.      Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

COMPLAINT                                              **Page 11**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

## THIRD CLAIM FOR RELIEF

### (Against Defendants Wheeler and Resch)

### (42 U.S.C. § 1983 – First Amendment)

47.    Plaintiff realleges paragraphs 1 through 28 as though fully set forth herein.

48.    The First Amendment of the United States Constitution prohibits government action that is taken with an intent to chill speech and in retaliation for individuals' engagement in protected activity.

49.    At all times relevant to the liability allegations of this Complaint, Defendants Wheeler and Resch were acting under the color of law—under the constitutions, statutes, administrative rules, customs, policies, and usages of the State of Oregon and the United States—and had assumed the responsibilities, activities, and rights involved in exercising their roles as Commissioner of PPB and Chief of PPB, respectively.

50.    Defendants Wheeler and Resch, in spite of the foreseeable risk of harm to demonstrators such as Plaintiff, acted with deliberate indifference to the known and recognized constitutional and legal right of Plaintiff to exercise his First Amendment rights without fear of retaliation by approving, developing, and/or implementing customs and policies under which demonstrators were subjected to indiscriminate violence and militarized force at the hands of PPB.  Pursuant to these customs and policies, PPB officers:

   a.    Sprayed Plaintiff in the head and face with a chemical agent as Plaintiff approached his car with his hands up and did not pose a threat to person or property;

   b.    Used potentially deadly force against Plaintiff by ramming the back of Plaintiff's car with a police vehicle as Plaintiff attempted to step into the car;

   c.    Told Plaintiff he was under arrest even though PPB officers did not have

COMPLAINT                                                                                    **Page 12**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

probable cause to believe that Plaintiff committed a crime;

    d.    Slammed Plaintiff to the sidewalk with sufficient force to fracture Plaintiff's tailbone as Plaintiff merely attempted to stand with his hands up to shift his position due to extreme pain;

    e.    Illegally searched Plaintiff's car without Plaintiff's consent or probable cause to believe that Plaintiff had committed a crime;

    f.    Towed and impounded Plaintiff's car without justification or probable cause to believe that Plaintiff had committed a crime; and

    g.    Harassed Plaintiff by giving him baseless tickets and inappropriately revealing information about his criminal record to third parties.

51.    Defendants Wheeler and Resch approved, developed, and/or implemented these customs and policies with the intent to punish a group of protestors *en masse* for their political speech. Defendants Wheeler and Resch intended the customs and policies to chill the speech of the demonstrators, including Plaintiff.

52.    The actions taken by PPB officers pursuant to these customs and policies have, in fact, chilled Plaintiff's speech.

53.    As a result of the actions of Defendants Wheeler and Resch, Plaintiff has been deprived of his rights under the First Amendment of the United States Constitution. Plaintiff has suffered physical injuries, damage to his property, fear, anxiety, and extreme emotional distress. Plaintiff is entitled to damages for his injuries arising out of the deprivation of his constitutional rights in an amount to be determined at trial.

54.    Plaintiff is also entitled to an award of punitive damages.

55.    Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

COMPLAINT                **Page 13**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

## FOURTH CLAIM FOR RELIEF

### (Against Defendants Wheeler and Resch)

### (42 U.S.C. § 1983 – Fourth Amendment)

56.     Plaintiff realleges paragraphs 1 through 28 as though fully set forth herein.

57.     The Fourth Amendment of the United States Constitution prohibits the use of excessive force, *i.e.* force that is objectively unreasonable under the circumstances, in the course of an arrest, investigatory stop, or other seizure.  The Fourth Amendment also prohibits unreasonable searches and seizures.

58.     At all times relevant to the liability allegations of this Complaint, Defendants Wheeler and Resch were acting under the color of law—under the constitutions, statutes, administrative rules, customs, policies, and usages of the State of Oregon and the United States—and had assumed the responsibilities, activities, and rights involved in exercising their roles as Commissioner of PPB and Chief of PPB, respectively.

59.     Defendants Wheeler and Resch, in spite of the foreseeable risk of harm to demonstrators such as Plaintiff, acted with deliberate indifference to the known and recognized constitutional and legal right of Plaintiff under the Fourth Amendment to be free from excessive force and unreasonable search or seizure by approving, developing, and/or implementing customs and policies under which demonstrators were subjected to indiscriminate violence and militarized force at the hands of PPB.  Pursuant to these customs and policies, PPB officers:

      a.      Sprayed Plaintiff in the head and face with a chemical agent as Plaintiff approached his car with his hands up and did not pose a threat to person or property;

      b.      Used potentially deadly force against Plaintiff by ramming the back of Plaintiff's car with a police vehicle as Plaintiff attempted to step into the car;

COMPLAINT                                                                                    **Page 14**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

c.   Told Plaintiff he was under arrest even though PPB officers did not have probable cause to believe that Plaintiff committed a crime;

d.   Slammed Plaintiff to the sidewalk with sufficient force to fracture Plaintiff's tailbone as Plaintiff merely attempted to stand with his hands up to shift his position due to extreme pain;

e.   Illegally searched Plaintiff's car without Plaintiff's consent or probable cause to believe that Plaintiff had committed a crime; and

f.   Towed and impounded Plaintiff's car without justification or probable cause to believe that Plaintiff had committed a crime.

60.    Defendants Wheeler and Resch approved, developed, and/or implemented these customs and policies with the knowledge that they would result in PPB officers using excessive force that was objectively unreasonable under the circumstances against demonstrators, including Plaintiff.

61.    Defendants Wheeler and Resch approved, developed, and/or implemented these customs and policies with the knowledge that they would result in PPB officers conducting invalid searches and seizures on demonstrators, including Plaintiff.

62.    As a result of the actions of Defendants Wheeler and Resch, Plaintiff has been deprived of his rights under the Fourth Amendment of the United States Constitution.  Plaintiff has suffered physical injuries, damage to his property, fear, anxiety, and extreme emotional distress. Plaintiff is entitled to damages for his injuries arising out of the deprivation of his constitutional rights in an amount to be determined at trial.

63.    Plaintiff is also entitled to an award of punitive damages.

64.    Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

COMPLAINT                                                                                            **Page 15**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

## FIFTH CLAIM FOR RELIEF

### (Against Defendants John Doe 13-20)

### (42 U.S.C. § 1983 – First Amendment)

65.     Plaintiff realleges paragraphs 1 through 28 as though fully set forth herein.

66.     The First Amendment of the United States Constitution prohibits government action that is taken with an intent to chill speech and in retaliation for individuals' engagement in protected activity.

67.     At all times relevant to the liability allegations of this Complaint, Defendants John Doe 13-20 were acting under the color of law—under the constitutions, statutes, administrative rules, customs, policies, and usages of the State of Oregon and the United States—and had assumed the responsibilities, activities, and rights involved in exercising their roles as supervisory officers of PPB.

68.     Defendants John Doe 13-20, in spite of the foreseeable risk of harm to demonstrators such as Plaintiff, acted with deliberate indifference to the known and recognized constitutional and legal right of Plaintiff to exercise his First Amendment rights without fear of retaliation by directing and/or knowing and acquiescing to the following actions of their subordinates:

    a.    Spraying Plaintiff in the head and face with a chemical agent as Plaintiff approached his car with his hands up and did not pose a threat to person or property;

    b.    Using potentially deadly force against Plaintiff by ramming the back of Plaintiff's car with a police vehicle as Plaintiff attempted to step into the car;

    c.    Telling Plaintiff he was under arrest even though PPB officers did not have probable cause to believe that Plaintiff committed a crime;

COMPLAINT                                                                    **Page 16**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

d.    Slamming Plaintiff to the sidewalk with sufficient force to fracture Plaintiff's tailbone as Plaintiff merely attempted to stand with his hands up to shift his position due to extreme pain;

e.    Illegally searching Plaintiff's car without Plaintiff's consent or probable cause to believe that Plaintiff had committed a crime;

f.    Towing and impounding Plaintiff's car without justification or probable cause to believe that Plaintiff had committed a crime; and

g.    Harassing Plaintiff by giving him baseless tickets and inappropriately revealing information about his criminal record to third parties.

69.    Defendants John Doe 13-20 directed and/or knew and acquiesced to these actions with the intent to punish a group of protestors *en masse* for their political speech.  Defendants John Doe 13-20 intended the actions of their subordinates to chill the speech of the demonstrators, including Plaintiff.

70.    The actions taken by the subordinates of Defendants John Doe 13-20 at the direction of, or with the knowledge and acquiescence of, Defendants John Doe 13-20 have, in fact, chilled Plaintiff's speech.

71.    As a result of the actions of Defendants John Doe 13-20, Plaintiff has been deprived of his rights under the First Amendment of the United States Constitution.  Plaintiff has suffered physical injuries, damage to his property, fear, anxiety, and extreme emotional distress. Plaintiff is entitled to damages for his injuries arising out of the deprivation of his constitutional rights in an amount to be determined at trial.

72.    Plaintiff is also entitled to an award of punitive damages.

73.    Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

COMPLAINT                                                                                           **Page 17**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

## SIXTH CLAIM FOR RELIEF

### (Against Defendants John Doe 13-20)

### (42 U.S.C. § 1983 – Fourth Amendment)

74.     Plaintiff realleges paragraphs 1 through 28 as though fully set forth herein.

75.     The Fourth Amendment of the United States Constitution prohibits the use of excessive force, *i.e.* force that is objectively unreasonable under the circumstances, in the course of an arrest, investigatory stop, or other seizure.  The Fourth Amendment also prohibits unreasonable searches and seizures.

76.     At all times relevant to the liability allegations of this Complaint, Defendants John Doe 13-20 were acting under the color of law—under the constitutions, statutes, administrative rules, customs, policies, and usages of the State of Oregon and the United States—and had assumed the responsibilities, activities, and rights involved in exercising their roles as supervisory officers of PPB.

77.     Defendants John Doe 13-20, in spite of the foreseeable risk of harm to demonstrators such as Plaintiff, acted with deliberate indifference to the known and recognized constitutional and legal right of Plaintiff under the Fourth Amendment to be free from excessive force and unreasonable search or seizure by directing and/or knowing and acquiescing to the following actions of their subordinates:

a.      Spraying Plaintiff in the head and face with a chemical agent as Plaintiff approached his car with his hands up and did not pose a threat to person or property;

b.      Using potentially deadly force against Plaintiff by ramming the back of Plaintiff's car with a police vehicle as Plaintiff attempted to step into the car;

c.      Telling Plaintiff he was under arrest even though PPB officers did not

COMPLAINT                                                                                    **Page 18**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

have probable cause to believe that Plaintiff committed a crime;

d.    Slamming Plaintiff to the sidewalk with sufficient force to fracture Plaintiff's tailbone as Plaintiff merely attempted to stand with his hands up to shift his position due to extreme pain;

e.    Illegally searching Plaintiff's car without Plaintiff's consent or probable cause to believe that Plaintiff had committed a crime;

f.    Towing and impounding Plaintiff's car without justification or probable cause to believe that Plaintiff had committed a crime.

78.    Defendants John Doe 13-20 directed and/or knew and acquiesced to these actions with the knowledge that they would result in PPB officers using excessive force that was objectively unreasonable under the circumstances against demonstrators, including Plaintiff.

79.    Defendants John Doe 13-20 directed and/or knew and acquiesced to these actions with the knowledge that they would result in PPB officers conducting invalid searches and seizures on demonstrators, including Plaintiff.

80.    As a result of the actions of Defendants John Doe 13-20, Plaintiff has been deprived of his rights under the Fourth Amendment of the United States Constitution.  Plaintiff has suffered physical injuries, damage to his property, fear, anxiety, and extreme emotional distress. Plaintiff is entitled to damages for his injuries arising out of the deprivation of his constitutional rights in an amount to be determined at trial.

81.    Plaintiff is also entitled to an award of punitive damages.

82.    Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## SEVENTH CLAIM FOR RELIEF

### (Against Defendants Hastings and John Doe 1-12)

### (42 U.S.C. § 1983 – First Amendment)

83.    Plaintiff realleges paragraphs 1 through 28 as though fully set forth herein.

COMPLAINT                                                                                    **Page 19**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

84.     The First Amendment of the United States Constitution prohibits government action that is taken with an intent to chill speech and in retaliation for individuals' engagement in protected activity.

85.     At all times relevant to the liability allegations of this Complaint, Defendants Hastings and John Doe 1-12 were acting under the color of law—under the constitutions, statutes, administrative rules, customs, policies, and usages of the State of Oregon and the United States—and had assumed the responsibilities, activities, and rights involved in exercising their roles as PPB officers.

86.     Defendants Hastings and John Doe 1-12 deprived Plaintiff of his known and recognized constitutional and legal right to exercise his First Amendment rights without fear of retaliation by engaging in the following actions:

       a.     Defendant John Doe 1 sprayed Plaintiff in the head and face with a chemical agent as Plaintiff approached his car with his hands up and did not pose a threat to person or property;

       b.     Defendant John Doe 2 used potentially deadly force against Plaintiff by ramming the back of Plaintiff's car with a police vehicle as Plaintiff attempted to step into the car;

       c.     Defendant John Doe 3 told Plaintiff he was under arrest even though he did not have probable cause to believe that Plaintiff committed a crime;

       d.     Defendant John Doe 4 slammed Plaintiff to the sidewalk with sufficient force to fracture Plaintiff's tailbone as Plaintiff merely attempted to stand with his hands up to shift his position due to extreme pain;

       e.     Defendants John Doe 5-7 illegally searched Plaintiff's car without Plaintiff's consent or probable cause to believe that Plaintiff had committed a crime;

COMPLAINT                                                                                                        **Page 20**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

f.    Defendants John Doe 3 and 5-7 caused Plaintiff's car to be towed and impounded without justification or probable cause to believe that Plaintiff had committed a crime; and

g.    Defendants Hastings and John Doe 8-12 harassed Plaintiff by giving him baseless tickets and inappropriately revealing information about his criminal record to third parties.

87.    Defendants Hastings and John Doe 1-12 took these actions with the intent to punish Plaintiff for his political speech.  Defendants John Doe 1-12 intended their actions to chill the speech of Plaintiff.

88.    The actions taken by Defendants Hastings and John Doe 1-12 have, in fact, chilled Plaintiff's speech.

89.    As a result of the actions of Defendants Hastings and John Doe 1-12, Plaintiff has been deprived of his rights under the First Amendment of the United States Constitution. Plaintiff has suffered physical injuries, damage to his property, fear, anxiety, and extreme emotional distress. Plaintiff is entitled to damages for his injuries arising out of the deprivation of his constitutional rights in an amount to be determined at trial.

90.    Plaintiff is also entitled to an award of punitive damages.

91.    Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## EIGHTH CLAIM FOR RELIEF

### (Against Defendants John Doe 1-7)

### (42 U.S.C. § 1983 – Fourth Amendment)

92.    Plaintiff realleges paragraphs 1 through 28 as though fully set forth herein.

93.    The Fourth Amendment of the United States Constitution prohibits the use of excessive force, *i.e.* force that is objectively unreasonable under the circumstances, in the course of an arrest, investigatory stop, or other seizure.  The Fourth Amendment also prohibits

COMPLAINT                                                                                      **Page 21**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

unreasonable searches and seizures.

94.    At all times relevant to the liability allegations of this Complaint, Defendants
John Doe 1-7 were acting under the color of law—under the constitutions, statutes,
administrative rules, customs, policies, and usages of the State of Oregon and the United
States—and had assumed the responsibilities, activities, and rights involved in exercising their
roles as PPB officers.

95.    Defendants John Doe 1-7 deprived Plaintiff of his known and recognized
constitutional and legal right under the Fourth Amendment to be free from excessive force and
unreasonable search and seizure by engaging in the following actions:

a.    Defendant John Doe 1 sprayed Plaintiff in the head and face with a
chemical agent as Plaintiff approached his car with his hands up and did
not pose a threat to person or property;

b.    Defendant John Doe 2 used potentially deadly force against Plaintiff by
ramming the back of Plaintiff's car with a police vehicle as Plaintiff
attempted to step into the car;

c.    Defendant John Doe 3 told Plaintiff he was under arrest even though PPB
officers did not have probable cause to believe that Plaintiff committed a
crime;

d.    Defendant John Doe 4 slammed Plaintiff to the sidewalk with sufficient
force to fracture Plaintiff's tailbone as Plaintiff merely attempted to stand
with his hands up to shift his position due to extreme pain;

e.    Defendants John Doe 5-7 illegally searched Plaintiff's car without
Plaintiff's consent or probable cause to believe that Plaintiff had
committed a crime; and

f.    Defendants John Doe 3 and 5-7 caused Plaintiff's car to be towed and

COMPLAINT                                                                    **Page 22**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

impounded without justification or probable cause to believe that Plaintiff had committed a crime.

96.    As a result of the actions of Defendants John Doe 1-7, Plaintiff has been deprived of his rights under the Fourth Amendment of the United States Constitution.  Plaintiff has suffered physical injuries, damage to his property, fear, anxiety, and extreme emotional distress. Plaintiff is entitled to damages for his injuries arising out of the deprivation of his constitutional rights in an amount to be determined at trial.

97.    Plaintiff is also entitled to an award of punitive damages.

98.    Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## NINTH CLAIM FOR RELIEF

### (Against Defendant Portland)

### (Assault and Battery)

99.    Plaintiff realleges paragraphs 1 through 28 as though fully set forth herein.

100.    At all material times, Defendants John Doe 1, 2, and 4 were employees of Defendant Portland and acting within the course and scope of their employment.  Defendant Portland is vicariously liable for the actions of Defendants John Doe 1, 2, and 4.

101.    Defendants John Doe 1, 2, and 4 intentionally caused and/or attempted to cause harmful and offensive physical contact of Plaintiff by spraying him with a chemical agent, ramming into his car with a police vehicle while Plaintiff was stepping into the car, and slamming Plaintiff into the sidewalk.  The force used by Defendants John Doe 1, 2, and 4 was objectively unreasonable under the circumstances.

102.    The conduct of Defendants John Doe 1, 2, and 4 was a direct and proximate cause of injury to Plaintiff, including fear, anxiety, and emotional distress, as well as physical injuries. Plaintiff is entitled to damages for his injuries arising out of Defendants John Doe 1, 2, and 4's conduct in an amount to be determined at trial.  Plaintiff is also entitled to an award of his costs

COMPLAINT                                                                                    **Page 23**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

and disbursements.

## TENTH CLAIM FOR RELIEF

### (Against Defendant Portland)

### (False Arrest)

103.    Plaintiff realleges paragraphs 1 through 28 as though fully set forth herein.

104.    At all material times, Defendant John Doe 3 was an employee of Defendant Portland and acting within the course and scope of his employment.  Defendant Portland is vicariously liable for the actions of Defendant John Doe 3.

105.    Defendant John Doe 3 intentionally confined Plaintiff by telling him that he was under arrest and requiring him to sit on the curb.

106.    Plaintiff was aware of the confinement and reasonably believed he was under arrest and was not free to leave.

107.    Defendant John Doe 3's confinement of Plaintiff was unlawful as he did not have probable cause to believe that Plaintiff had committed a crime.

108.    The conduct of Defendant John Doe 3 was a direct and proximate cause of injury to Plaintiff, including fear, anxiety, and emotional distress.  Plaintiff is entitled to damages for his injuries arising out of Defendant John Doe 3's conduct in an amount to be determined at trial. Plaintiff is also entitled to an award of his costs and disbursements.

## ELEVENTH CLAIM FOR RELIEF

### (Against Defendant Portland)

### (Conversion)

109.    Plaintiff realleges paragraphs 1 through 28 as though fully set forth herein.

110.    At all material times, Defendants John Doe 3 and 5-7 were employees of Defendant Portland and acting within the course and scope of their employment.  Defendant Portland is vicariously liable for the actions of Defendants John Doe 3 and 5-7.

COMPLAINT                                                                                  **Page 24**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

111.    By causing Plaintiff's car to be towed and impounded without a legitimate reason and without probable cause that Plaintiff had committed a crime, Defendants John Doe 3 and 5-7 wrongfully and intentionally exercised dominion or control over Plaintiff's property.  The actions of Defendants John Doe 3 and 5-7 were inconsistent with Plaintiff's right to control his property.

112.    The conduct of Defendants John Doe 3 and 5-7 was a direct and proximate cause of injury to Plaintiff, including impound fees and a lack of access to transportation.  Plaintiff is entitled to damages for his injuries arising out of Defendants John Doe 3 and 5-7's conduct in an amount to be determined at trial.  Plaintiff is also entitled to an award of his costs and disbursements.

## TWELFTH CLAIM FOR RELIEF

### (Against Defendant Portland)

### (Negligence)

113.    Plaintiff realleges paragraphs 1 through 12 as though fully set forth herein.

114.    Each and every PPB officer was acting within the scope and course of his or her employment with Defendant Portland at all material times.

115.     Defendant Portland created a foreseeable risk of harm to demonstrators, including Plaintiff, by implementing a strategy of indiscriminate violence and militarized force in response to demonstrations for racial justice and against police brutality

116.     Defendant Portland further negligently failed to train PPB officers on effective crowd control tactics that would avoid violence committed against peaceful protestors and the deprivation of protestors' constitutional rights.

117.     Defendant Portland further negligently failed to supervise PPB officers to ensure that the officers were not harming peaceful protestors or depriving them of their constitutional rights.

COMPLAINT                                                                                              **Page 25**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

118.    Defendant Portland's negligence was a substantial factor in allowing PPB officers to engage in the following actions:

    a.    Spraying Plaintiff in the head and face with a chemical agent as Plaintiff approached his car with his hands up and did not pose a threat to person or property;

    b.    Using potentially deadly force against Plaintiff by ramming the back of Plaintiff's car with a police vehicle as Plaintiff attempted to step into the car;

    c.    Telling Plaintiff he was under arrest even though PPB officers did not have probable cause to believe that Plaintiff committed a crime;

    d.    Slamming Plaintiff to the sidewalk with sufficient force to fracture Plaintiff's tailbone as Plaintiff merely attempted to stand with his hands up to shift his position due to extreme pain;

    e.    Illegally searching Plaintiff's car without Plaintiff's consent or probable cause to believe that Plaintiff had committed a crime;

    f.    Towing and impounding Plaintiff's car without justification or probable cause to believe that Plaintiff had committed a crime; and

    g.    Harassing Plaintiff by giving him baseless tickets and inappropriately revealing information about his criminal record to third parties.

/ / /

/ / /

/ / /

COMPLAINT          **Page 26**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494

119.    As a direct and proximate result of Defendant Portland's negligence, Plaintiff has suffered physical injuries, damage to his property, fear, anxiety, and extreme emotional distress. Plaintiff is entitled to damages for his injuries arising out of Defendant Portland's negligence in an amount to be determined at trial.

120.    Plaintiff is also entitled to an award of his costs and disbursements.

DATED this _9th_ day of February, 2021.

s/Scott J. Aldworth
**SCOTT J. ALDWORTH**
113123
503/222-3531
**Attorneys for Plaintiff**

COMPLAINT                                                                          **Page 27**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01098494